IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:23-cv-00906 |
| STATE OF TENNESSEE, | ) Judge Trauger ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Brandon King, a state inmate in custody at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the State of Tennessee. (Doc. No. 1, "the Complaint".) He did not pay the civil filing fee or file an application for leave to proceed as a pauper. As explained below, the court will require the plaintiff to prepay the full filing fee if he wishes to proceed with this case.

Under 28 U.S.C. § 1915, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," but that payment may be made in installments over time via an assessment against the prisoner's inmate trust account, rather than in a lump sum at the time of filing, if the prisoner is granted pauper status. 28 U.S.C. § 1915(b)(1)–(2). However, "[p]auper status is a privilege, not a right," *Gresham v. Meden*, 938 F.3d 847, 851 (6th Cir. 2019), and that privilege "may be denied to parties with a history of abusive, frivolous or malicious litigation." *Purk v. Krupansky*, 914 F.2d 258 (Table), 1990 WL 126888, at *1 (6th Cir. Aug. 30, 1990) (citing *In re MacDonald*, 109 S. Ct. 993, 996 (1989) (per curiam), and *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam)). By statute, the privilege of pauper status is denied to prisoner litigants who have filed three or more prior actions that were dismissed as frivolous, malicious, or

for failure to state a claim, unless those litigants allege imminent danger of serious physical injury. 28 U.S.C. § 1915(g). It appears that the plaintiff will have to overcome this statutory hurdle in any future case he files without prepaying the fee, as he garnered a "third strike" under § 1915(g) with the dismissal of Case No. 3:23-cv-00030 on September 22, 2023. (*See* Case No. 3:23-cv-00030, Doc. Nos. 11–12; *see also* Case No. 3:23-cv-00090 (Doc. Nos. 14–15) *and* Case No. 3:16-cv-01482, Doc. No. 3).

As for his current case (filed before the dismissal of Case No. 3:23-cv-00030), a preliminary review of the Complaint reveals that the plaintiff repeats the threatening behavior that resulted in the court's referral of Case No. 3:23-cv-00090 to the U.S. Attorney and U.S. Marshal. (*See* Case No. 3:23-cv-00090, Doc. No. 14 at 6.)[1] Specifically, after alleging that his health is threatened due to allegedly unsanitary conditions resulting from the jail shower's lack of hot water and inmates refusing to bathe in cold water, the plaintiff claims that he is past due for release from confinement, is owed five million dollars in damages, and is coming to collect from the court[2] when he is released from jail. (Doc. No. 1 at 5.) He states: "Yall know who I am Yall know the name!!! Yall betta have my money properly ready! Like I have told you multiple times aint nothin changin, okay, now I told yall Im comin to that courthouse, & you gone know its me too, Im comin GANGSTA wit all black on & bandanas." (*Id.*)

---

[1] The court made this referral in light of the plaintiff's threat, if he was not paid the money he claimed to be owed, to come to the courthouse after his imminent release from jail to collect this money, at which time the court "better have all this money, my money ready for me to pick up foreal cuz I'm coming down there to the Court GANGSTER & GANSTA!!!!" (Case No. 3:23-cv-00090, Doc. No. 14 at 6 (citing Doc. No. 10, the plaintiff's letter to the court designated for filing in four of his cases)).

[2] As the plaintiff should understand at this point, no money has been paid into court, nor has the court awarded any money damages, in any of his ten case filings in this district. Regardless of his belief that he is owed money by one or more of the defendants to his lawsuits, there is no money being held for him in the courthouse.

2

Due to the plaintiff's history of threatening behavior toward the court, which he repeats in the instant Complaint despite the court's prior warning that it would not tolerate such threats (Case No. 3:23-cv-00090, Doc. No. 14 at 6), the court will preemptively deny him the privilege of pauper status in this particular case.³ *See Purk*, 1990 WL 126888, at *1; *Silva v. Aspen*, No. 3:21-CV-689, 2022 WL 1109440, at *5 (M.D. Tenn. Apr. 13, 2022) ("Federal courts may deny a litigant the privilege of proceeding in forma pauperis when he abuses that privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits.") (citing *In re McDonald* and *Maxberry*, *supra*).

Accordingly, if the plaintiff desires to proceed with this lawsuit, he **MUST** pay the full $402 filing fee within **30 DAYS** of the entry of this order. Payment must be designated for **Case No. 3:23-cv-00906** and must be mailed to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

Plaintiff is cautioned that, should he fail to comply with this Order within the time specified (or seek an extension of the deadline before it expires), the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution, without prejudice to being refiled under a new filing fee obligation.

The Clerk **SHALL** transmit a copy of this order to United States Attorney Henry Leventis and to United States Marshal Denny King by email.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

³ The plaintiff has another case on the undersigned's docket in which he has been directed to cure a deficient IFP application. *See King v. Frensely*, No. 3:23-cv-00624. His filings in that case do not contain any abusive or threatening language.