IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:23-cv-00906 ) Judge Trauger |
| STATE OF TENNESSEE, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Brandon King, a state inmate in custody at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the State of Tennessee. (Doc. No. 1.) He did not pay the civil filing fee or file an application for leave to proceed as a pauper. By order entered October 23, 2023, the court determined that the plaintiff was disqualified from proceeding as a pauper in this case and directed him to prepay the full filing fee within 30 days. (Doc. No. 3.) The court cautioned the plaintiff that failure to do so would result in the assessment of the fee against him and the dismissal of this case for want of prosecution, without prejudice to being refiled under a new filing fee obligation. (*Id.* at 3.)

Nothing further has been filed in this case. The plaintiff's deadline for compliance with the court's October 23 order has passed, and he has not paid the filing fee as instructed.

Dismissal of this action is therefore appropriate, pursuant to the court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Due to the plaintiff's pro se status and the preference for disposing of cases on their merits, *see Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011) (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)), and in keeping with the court's prior order, the dismissal will be without prejudice.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for want of prosecution, and the full $405 filing fee is hereby **ASSESSED** against the plaintiff's inmate trust

fund account. *See Burnett v. Walsh*, No. 20-2131, 2021 WL 8444848, at *2 (6th Cir. Dec. 21, 2021) (noting that the prisoner "remains obligated" to pay the full filing fee after the case is resolved).

Payment shall be remitted as follows: The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $405 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where the plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be directed to the Clerk of Court, United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

2

Case 3:23-cv-00906   Document 4   Filed 12/21/23   Page 2 of 2 PageID #: 22